**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

v.

Vernon Lawson, Jr.,

Defendant,

and

Retirement System for the City of Detroit,

Garnishee.

______________________________/

Case No. 20-mc-51146

Judith E. Levy
United States District Judge

**ORDER DENYING DEFENDANT'S "VERIFIED PETITION FOR INJUNCTIVE RELIEF AND ACCOUNTING IN EQUITY" [14]**

Before the Court is *pro se* Defendant Vernon Lawson's "verified petition for injunctive relief and accounting in equity." (ECF No. 14.) On March 21, 2019, the Court entered a criminal judgment against Defendant. *United States v. Denham, et al.*, Case No. 14-20115-3 (E.D. Mich. Mar. 21, 2019), ECF No. 158. Defendant was ordered to pay a special assessment fee of $100.00 and restitution in the amount of

$488,432.00. *Id.* According to the government, $460,246.57 remains outstanding as of February 24, 2026. (ECF No. 15, PageID.71.)

Defendant filed a document titled "verified petition for injunctive relief and accounting in equity." (ECF No. 14.) He identifies himself as a "Petitioner" and identifies the United States Social Security Administration, the Department of the Treasury "(Fiscal Service)," and Department of Justice as "Respondents." (*Id.* at PageID.61.) He states that he is initiating "an action in equity to enjoin Respondents from continuing to garnish, attach, or otherwise seize Petitioner's protected Social Security retirement benefits" and "seeks an immediate temporary and permanent injunction, and a full fiduciary accounting and return of all garnished funds." (*Id.*; *see also id.* at PageID.63 (requesting the Court to "[i]ssue a Temporary Restraining Order and Preliminary Injunction enjoining all garnishment of Petitioner's Social Security benefits," among other requests).)

The Court will construe this "Petition" as a motion for a preliminary injunction and/or temporary restraining order.

The motion for preliminary injunction and/or temporary restraining order must be denied. The movant for such a motion must

clearly demonstrate that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Hess v. Oakland Cnty.*, 174 F.4th 981, 991 (6th Cir. 2026) (quoting *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024)).

Defendant does not meet this showing. He briefly states that the garnishment of his Social Security benefits violates 42 U.S.C. § 407(a), but does not sufficiently explain this argument such that it could be credited by the Court. He similarly states that the garnishment of his Social Security funds "causes irreparable harm," but does not explain what the irreparable harm is.

Additionally, Defendant's argument on the merits appears to rely on a belief that the garnishment in his criminal case pertained to "a separate and distinct legal entity from Petitioner, the living man." (ECF No. 14, PageID.62.) This argument has no merit.

Defendant's motion for a preliminary injunction or temporary restraining order is deficient and wholly without merit. For the reasons set forth above, the motion is DENIED. (ECF No. 14.)

Dated: August 18, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager